**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAYVON C. HARBOR, | No. 16-15710 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01781-WBS-EFB |
| v. | |
| K. DHILLON, Doctor, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted February 14, 2017**

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Trayvon C. Harbor, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Harbor's deliberate indifference claim against Dr. Dhillon because Harbor's allegations and the documents attached to the operative complaint fail to show that Dr. Dhillon purposefully acted or failed to respond to Harbor's pain. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (deliberate indifference may be shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need and . . . harm caused by the indifference"; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *see also id.* at 1116 n.1 (exhibits attached to complaint may be considered in determining whether dismissal was proper).

The district court did not abuse its discretion in dismissing Harbor's second amended complaint without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that "a district court may dismiss without leave where . . . amendment would be futile").

The district court did not abuse its discretion in denying Harbor's motions for sanctions because Harbor failed to satisfy the requirements of Rule 11. *See Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872-73 (9th Cir. 2014)

(setting forth the standard of review and requirements for sanctions under Rule 11).

We reject as without merit Harbor's contention that the district court acted in excess of its jurisdiction and discriminated against Harbor.

We treat Harbor's exhibits, filed on September 16, 2016, as a motion to supplement the record, and deny the motion as unnecessary.

**AFFIRMED.**

16-15710